UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LANDIN D. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:19-MC-37-TAV-DCP |
| | ) |
| BLOUNT COUNTY | ) |
| DETENTION CENTER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff, a prisoner in the Blount County Detention Center, filed a pro se prisoner's complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 regarding the conditions of his confinement [Doc. 1]. On August 23, 2019, the Clerk sent Plaintiff a notice of deficiency regarding his failure to file the appropriate documents to proceed *in forma pauperis* [Doc. 2] and a notice regarding the Court's local rule requiring Plaintiff to update his address with the Court within fourteen days of any address change, which also notified Plaintiff that failure to do so could result in dismissal of this action [Doc. 3].

Plaintiff responded to the Clerk's deficiency notice by sending the Court a letter asking for additional copies of the required documents to proceed *in forma pauperis* and stating that he had requested a copy of his inmate trust account statement from both a kiosk and an officer [Doc. 4 p. 1]. Accordingly, on October 22, 2019, the Court entered an order directing the Clerk to send Plaintiff another prison account statement form and an application for leave to proceed *in forma pauperis* and providing Plaintiff thirty (30) days from the date of entry of that order to pay the full filing fee or to submit the necessary documents [Doc. 5 p. 2]. The Court also notified Plaintiff that

that if he failed to timely comply with this order, the Court would presume that Plaintiff is not a pauper, assess the full amount of fees, and order the case dismissed for want of prosecution [*Id.*].

However, more than two weeks ago, the United States Postal Service returned the Court's mail containing this order as undeliverable with a notation indicating that Plaintiff was no longer at the only address he provided to the Court [Doc. 6], and Plaintiff has not complied with this order or otherwise communicated with the Court. Accordingly, Plaintiff will be **ASSESSED** the $400 filing fee and this matter will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering such a dismissal:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff did not receive the Court's previous order due to his failure to timely update his address with the Court despite the Court previously warning him of this requirement. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendant.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to timely comply with the Court's last order [Doc. 5 p. 2] or timely update his address with the Court [Doc. 3].

Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted. As set forth above, Plaintiff was seeking to proceed *in forma pauperis* in this matter and has not responded to the Court's order, updated his address with the Court, or otherwise communicated with the Court.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). Accordingly, Plaintiff will be **ASSESSED** the filing fee of $400.00 and this action will be **DISMISSED**.

The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Main Street, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $400.00 has been paid to the Clerk's Office. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To ensure compliance with the fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the Attorney General for

the State of Tennessee.[1] This order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility. The Clerk will also be **DIRECTED** to furnish copies of this memorandum opinion and the accompanying order to the Court's financial deputy.

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] The felony information database for the Tennessee Department of Correction, https://apps.tn.gov/foil-app/search.jsp, does not have a current address for Plaintiff, but instead lists Plaintiff's status as "pending."